UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
**SOUTHERN DIVISION at LONDON**

| | | |
|---|---|---|
| CORY LEE JACOBS, | ) | |
| Plaintiff, | ) | Civil No. 6: 19-286-JMH |
| V. | ) | |
| USP McCREARY, et al., | ) | **MEMORANDUM OPINION AND ORDER** |
| Defendants. | ) | |

\*\*\*\*   \*\*\*\*   \*\*\*\*   \*\*\*\*

Plaintiff Cory Lee Jacobs is a prisoner currently confined at the United States Penitentiary ("USP")-McCreary located in Pine Knot, Kentucky. Proceeding without counsel, Jacobs has filed a pleading styled as a "Complaint and Motion for Appoint [sic] Counsel and Relief and Evidentiary Hearing." [R. 1].

Jacobs has not paid the $350.00 filing fee and the $50.00 administrative fee, nor has he filed a motion to proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915(a). Even so, the Court may conduct a preliminary review of Jacobs's complaint because he asserts claims against government officials. 28 U.S.C. §§ 1915(e)(2), 1915A. A district court must dismiss any claim that is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. *Hill v. Lappin*, 630 F. 3d 468, 470-71 (6th Cir. 2010). When testing the sufficiency of Jacobs's

1

complaint, the Court affords it a forgiving construction, accepting as true all non-conclusory factual allegations and liberally construing its legal claims in the plaintiff's favor. *Davis v. Prison Health Servs.*, 679 F.3d 433, 437-38 (6th Cir. 2012).

Because of the rambling nature and lack of detail in Jacobs's complaint, it is difficult to ascertain the exact nature of his claims. From what the Court can tell, Jacobs alleges that staff at USP-McCreary threw five stamps in the trash and would neither reimburse Jacobs for their cost nor retrieve them from the trash. Jacobs also alleges that "[s]taff was notified that grievances is needed, use of law library, paper, envelopes and means to communicate." [R. 1]. He further alleges that staff threw away personal and legal property "accumulating to a value of over $100.00 U.S.D." [*Id.*] Finally, he states the following:

> In the provided copy the unit team received it states that all other U.S.P. facilities, except the ones specified, are to be regarded as a safety and security risk and if something happens at these camps if not transferred to the one with no issues, there shall be no type of action or prosecution brought forth on Plaintiff. And this is hereby NOTICE to these courts.

[*Id.*] He purports to bring his claims pursuant to *Bivens v. Six Unknown Federal Narcotics Agents*, 403 U.S. 388 (1971), the Federal Tort Claims Act, 28 U.S.C. §§ 1346(b), 2671-80 ("FTCA"), and Florida state law.

A complaint must set forth sufficient allegations to "state a claim to relief that is plausible on its face," *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009), and the Court must dismiss any complaint that fails to do so, *Hill v. Lappin*, 630 F. 3d 468, 470-71 (6th Cir. 2010). The Court's obligation to liberally construe *pro se* pleadings does not extend so far as to require it to conjure unpled facts or create claims for the plaintiff. *Moorman v. Herrington*, No. 4:08-cv-P127-M, 2009 WL 2020669, at *1 (W.D. Ky. July 9, 2009) (citations omitted). In addition, "a district court may, at any time, *sua sponte* dismiss a complaint for lack of subject matter jurisdiction pursuant to Rule 12(b)(1) of the Federal Rules of Civil Procedure when the allegations of a complaint are totally implausible, attenuated, unsubstantial, frivolous, devoid of merit, or no longer open to discussion." *Apple v. Glenn*, 183 F.3d 477, 479 (6th Cir. 1999).

The Court has thoroughly reviewed Jacobs's complaint and concludes that it must be dismissed. First, the complaint fails to name a viable defendant. To the extent that Jacobs seeks to pursue a tort claim under the FTCA, the "FTCA clearly provides that the United States is the only proper defendant in a suit alleging negligence by a federal employee." *Allgeier v. United States*, 909 F.2d 869, 871 (6th Cir. 1990) (citing 28 U.S.C. § 2679(a)). However, Jacobs does not name the United States as a

Defendant, nor does he allege negligence by a federal employee. Rather, he alleges prison staff intentionally threw away his property.[1]

To the extent that Jacobs seeks to pursue constitutional claims based upon his allegations, such claims may only be pursued under *Bivens*, which held that an individual may "recover money damages for any injuries...suffered as a result of [federal] agents' violation of" his constitutional rights. *Bivens* 403 U.S. at 397. However, a *Bivens* claim is only properly asserted against individual federal employees in their individual capacities. *Terrell v. Brewer*, 935 F.2d 1015, 1018 (9th Cir. 1991). Thus, Jacobs may not bring a *Bivens* claim against "USP-McCreary," which is, in essence, a claim against the Bureau of Prisons, a federal agency. *Correctional Services Corp. v. Malesko*, 534 U.S. 61, 72 (2001)("If a federal prisoner in a BOP facility alleges a constitutional deprivation, he may bring a *Bivens* claim against the offending individual officer, subject to

---

[1] In addition, the Westfall Act, 28 U.S.C. § 2679(b)(1), immunizes federal employees from tort liability for actions taken within the scope of their employment. *Roberts v. United States*, 191 F. App'x 338 (6th Cir. 2006). Because the remedy against the United States provided by the FTCA is exclusive with respect to claims that fall within its scope, a plaintiff may not circumvent its exhaustion or limitations provisions merely by pursuing a tort claim under state law directly against the federal employee in his or her individual capacity. 28 U.S.C. § 2679(b)(1).

4

the defense of qualified immunity. The prisoner may not bring a *Bivens* claim against the officer's employer, the United States, or the BOP.").

Nor may he bring his claim against the Warden, absent an allegation—which is absent here—that the Warden was "personally involved in the alleged deprivation of federal rights." *Nwaebo v. Hawk-Sawyer*, 83 F. App'x 85, 86 (6th Cir. 2003) (*citing Rizzo v. Goode*, 423 U.S. 362, 373-77 (1976)). While *Bivens* expressly validated the availability of a claim for damages against a federal official in his or her individual capacity, an officer is only responsible for his or her own conduct. *Iqbal*, 556 U.S. at 676-677; *see also Ziglar v. Abbasi*, 137 S.Ct. 1843, 1860 (2017). Indeed, "[e]ven a pro se prisoner must link his allegations to material facts . . . and indicate what each defendant did to violate his rights . . . ." *Sampson v. Garrett*, 917 F.3d 880, 882 (6th Cir. 2019) (citing *Hill v. Lappin*, 630 F.3d 468, 471 (6th Cir. 2010); *Lanman v. Hinson*, 529 F.3d 673, 684 (6th Cir. 2008)). Jacobs's complaint fails to comply with these requirements with respect to any Defendant.

Finally, Jacobs's complaint, at most, alleges property loss due to the intentional acts of unidentified prison staff. However, the requirements of due process are satisfied, even for intentional deprivations of property, where there are adequate post-

deprivation remedies available to compensate the inmate, none of which Jacobs alleges are inadequate. *Hudson v. Palmer*, 468 U.S. 517, 531-34 (1984); *see also Daniels v. Williams*, 474 U.S. 327, 330-32 (1986) (overruling in part *Parratt v. Taylor*, 451 U.S. 527 (1981)).

For all of these reasons, the Court will dismiss this action for failure to state a claim for relief.

Accordingly, it is hereby **ORDERED** as follows:

1. Jacobs's complaint [R. 1] is **DISMISSED WITHOUT PREJUDICE**.

2. Any pending requests for relief, including Jacobs's motion to appoint counsel and for an evidentiary hearing [R. 3], are **DENIED AS MOOT**.

3. **JUDGMENT** shall be entered contemporaneously with this Order.

4. This action is **STRICKEN** from the Court's docket.

This 11th day of December, 2019.



Signed By:
*Joseph M. Hood*
Senior U.S. District Judge